UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MADHUKAR BONKURI, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

GRAND CARIBBEAN CRUISES, INC.,

    Defendants.

Civ. No. 0:20-cv-60638-WPD

### ORDER DENYING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

THIS CAUSE is before the Court on the Defendant Grand Caribbean Cruises, Inc. ("Grand Caribbean")'s Motion to Dismiss for Lack of Subject-Matter Jurisdiction, filed on November 5, 2020. [DE 22]. The Court has carefully considered the Motion [DE 22], Plaintiff Madhukar Bonkuri ("Bonkuri")'s Response [DE 27], Defendant's Reply [DE 30], and is otherwise fully advised in the premises.

**I.**    **Background**

On March 26, 2020, Plaintiff filed a putative class action complaint against Defendant, alleging that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). *See* [DE 1] ("Complaint"). Specifically, Plaintiff claims that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii)'s prohibition on the use of artificial or prerecorded voices by placing a minimum of seven (7) calls to his cellular telephone in March of 2020 using an artificial or prerecorded voice without Plaintiff's prior express written consent. *See id.* at ¶¶ 11-14.

Defendant now moves to dismiss Plaintiff's complaint in its entirety, arguing that this Court lacks subject-matter jurisdiction over Plaintiff's claims because the TCPA provision at issue was unconstitutional at the time of the allegedly violative calls at issue, following the Supreme Court's

recent decision in *Barr v. Am. Ass'n of Political Consultants, Inc.*, 140 S. Ct. 2335 (2020) ("*AAPC*").

## II. Standard of Review

*A. Fed. R. Civ. P. 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction*

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A motion to dismiss for lack of subject matter jurisdiction brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure may present either a facial or a factual challenge to the complaint. *See McElmurray v. Consol. Gov't*, 501 F.3d 1244, 1251 (11th Cir. 2007). In a facial challenge, a court is required only to determine if the plaintiff has "sufficiently alleged a basis for subject matter jurisdiction, and the allegations in [the] complaint are taken as true for purposes of the motion." *Id.* at 1251.

## II. Discussion

The TCPA, which was enacted in 1991, generally prohibits robocalls to cell phones and home phones. *See* 47 U.S.C. § 227(b)(1)(A)(iii). However, on November 2, 2015, the TCPA was amended by adding an exception to allow robocalls made to collect government debt (the "government-debt exception"). *See* Bipartisan Budget Act of 2015, Pub. L. 114-74, 129 Stat. 584, title III, § 301(a)(1) (2015)). Under the 2015 version of the statute:

> (b) Restrictions on use of automated telephone equipment
>
> > (1) Prohibitions
> >
> > It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
> >
> > > (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice--
> >
> > * * *
> >
> > > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, <u>unless such call is made solely to collect a debt owed to or guaranteed by the</u>

United States;

47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added).

In *AAPC*, entered July 6, 2020, the Supreme Court held that the "government-debt exception" which permitted robocalls "solely to collect a debt owed to or guaranteed by the United States," while leaving robocalls involving other types of content subject to the TCPA's prohibitions, resulted in an unconstitutional content-based restriction on free speech. *Id.* at 2347; *see also* 47 U.S.C. § 227(b)(1)(iii). However, the Supreme Court did not invalidate the entire statute. Rather, it held that the invalid "government-debt" exception could be severed from the statute. *See Barr*, 140 S. Ct. at 2356 ("We hold that the 2015 government-debt exception added an unconstitutional exception to the law. We cure that constitutional violation by invalidating the 2015 government-debt exception and severing it from the remainder of the statute.").

Defendant argues that the "government-debt" exception made the entirety of §227(b)(1)(A)(iii) unconstitutional and unenforceable from 2015 (when the TCPA was amended to add the government-debt exception) to July 6, 2020 (the date of the Supreme Court's decision in *AAPC*) and, therefore, that this Court lacks subject-matter jurisdiction to impose liability upon Defendant for a violation of that provision.

Defendant relies on three recent district court opinions following *AAPC* that reached the conclusion that courts lack subject-matter jurisdiction to hear claims brought under § 227(b)(1)(A)(iii) for telephone calls alleged to have taken place when the statute was unconstitutional and could not be enforced. *See Hussain v. Sullivan Buick-Cadillac-GMC Truck, Inc.*, No. 5:20-CV-38-OC-30PRL, 2020 WL 7346536, *3 (M.D. Fla. Dec. 11, 2020) "federal courts lack subject matter jurisdiction over alleged violations from enactment of the 2015 amendment to the July 6, 2020 decision in AAPC"); *Lindenbaum v. Realgy, LLC*, No. 1:19 CV 2862, 2020 WL 6361915, *7 (N.D. Ohio Oct. 29, 2020) ("Because the statute at issue was unconstitutional at the time of the alleged violations, this Court lacks jurisdiction over this matter."); *Creasy v. Charter*

*Commc'ns, Inc.*, No. CV 20-1199, 2020 WL 5761117, *2 (E.D. La. Sept. 28, 2020) ("That fact deprives the Court of jurisdiction over much of this action.").

The Court acknowledges that there presently exists a direct conflict in district court decisions issued in the wake of *AAPC* over the liability of robocallers under § 227(b) for calls that took place between November 2, 2015 and July 6, 2020.  The Eleventh Circuit has not yet addressed this issue.  However, upon careful consideration, the Court finds Defendant's arguments and the cases it relies upon unpersuasive.  Moreover, it appears that the clear majority of cases to consider this issue have allowed parties to continue to bring § 227(b) claims post-*AAPC*.  *See Stoutt v. Travis Credit Union*, No. 2:20-CV-01280 WBS AC, 2021 WL 99636, at *5 (E.D. Cal. Jan. 12, 2021); *Shen v. Tricolor California Auto Grp., LLC*, No. CV 20-7419 PA (AGRX), 2020 WL 7705888, at *5 (C.D. Cal. Dec. 17, 2020); *Abramson v. Federal Insurance Company, Bay Area Health, LLC*, No. 8:19-cv-2523 (M.D. Fla. Dec. 11, 2020); *Buchanan v. Sullivan*, No. 8:20-CV-301, 2020 WL 6381563, at *3 (D. Neb. Oct. 30, 2020); *Schmidt v. AmerAssist A/R Sols. Inc.*, No. CV-20-00230-PHX-DWL, 2020 WL 6135181, at *4 n.2 (D. Ariz. Oct. 19, 2020); *Lacy v. Comcast Cable Communications, LLC*, No. 3:19-cv-05007-RBL, 2020 WL 4698646, at *1 (W.D. Wash. Aug. 13, 2020); *Komaiko v. Baker Techs., Inc.*, No. 19-cv-03795-DMR, 2020 WL 5104041, at *2 (N.D. Cal. Aug. 11, 2020); *Burton v. Fundmerica, Inc.*, No. 8:19-CV-119, 2020 WL 4504303, at *1 n.2 (D. Neb. Aug. 5, 2020).  The Court finds these decisions persuasive and adopts their reasoning and analysis.

"Because the Supreme Court has invalidated and severed the government-debt exception from the remainder of § 227(b)(1)(A)(iii), the exception did not affect the remainder of the statute and the statute remains enforceable, at least against non-government debt collectors, as to calls made between November 2015 and July 6, 2020." *Stoutt*, 2021 WL 99636, at *5.  Plaintiff's Complaint, "which is based on the parts of the TCPA that were enacted in 1991 and have survived a constitutional challenge, states a viable claim over which the Court possesses subject matter jurisdiction." *Shen*, 2020 WL 7705888, at *5.  Accordingly, the Court shall deny Defendant's

motion to dismiss for lack of subject matter jurisdiction.

### III. Conclusion

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction [DE 22] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 19th of January, 2021.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:
Counsel of record