UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60638-CIV-DIMITROULEAS/SNOW

MADHUKAR BONKURI, individually and on
behalf of all others similarly situated,

        Plaintiff,

v.

GRAND CARIBBEAN CRUISES, INC.,

        Defendant.
_____/

## ORDER ON MOTION TO COMPEL

THIS CAUSE is before the Court on Defendant's Motion to Compel [Discovery] ("Motion") (ECF No. 29), which was referred to United States Magistrate Judge Lurana S. Snow by the Honorable William P. Dimitrouleas. (ECF No. 19)

### I. BACKGROUND

This is an action brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*. Plaintiff alleges that phone calls received from Defendant violate the TCPA's prohibition on the use of an artificial or prerecorded voice without first obtaining prior express consent from the Plaintiff. (ECF No. 1 at 3) This action has been brought as a class action; however, no class has been certified at this time.

Defendant alleges that its investigation revealed that Plaintiff went on the website www.shareyoufreebies.com and consented to receive telephone calls featuring pre-recorded messages from Defendant. (ECF No. 29 at 1) On August 31, 2020, Defendant served a request for inspection of Plaintiff's cellular telephone and any other electronic devices capable of accessing websites on the internet. (ECF No. 29-1) The inspection was to take place on October 7, 2020, and was to be conducted through a third-party vendor. Plaintiff objected to the inspection on various grounds on October 21, 2020, and requested to meet and confer. (ECF No. 29-2) The parties met and conferred regarding the inspection on October, 30, 2020, November 6, 2020, November 10, 2020, November, 24, 2020, and December 7, 2020. (ECF No. 29 at 6) To date, the inspection has not been performed.

Defendant also served discovery requests on Plaintiff, to which Plaintiff responded with his answers and objections on November 16, 2020. (ECF No. 29-4) The parties met and conferred regarding the discovery responses on November 24, 2020, where the parties were unable to resolve the issues that have been raised in Defendant's Motion. (ECF No. 29 at 6)

Defendant filed the instant Motion on December 16, 2020. In Defendant's Motion, Defendant seeks to compel Plaintiff to comply with the inspection request. Defendant also raises issues with Plaintiff's Responses to Defendant's Requests for Production ("RFP") and with Plaintiff's Responses to Defendant's First Set of Interrogatories ("ROGs"). Specifically, Defendant seeks to compel Plaintiff to clarify answers, to provide responsive documents, and to provide a privilege log. RFP Nos.

5, 6-8, 11, 13-15, 19-20, 26, 37, 46-47, 53-54, 60-61, 65-66, and 72-73 remain at issue. ROGs Nos. 4 and 16 remain at issue.

## II. DISCUSSION

The scope of discovery is broad, parties may generally obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

A. Request for Inspection and Privilege Log

On December 2, 2020, Defendant provided a list of proposed search terms regarding the inspection of Plaintiff's electronic devices. (ECF No. 29-3) On January 7, 2021, Plaintiff agreed to the inspection and to Defendant's list of search terms. (ECF No. 36-1) The Court finds that the parties agree with respect to the inspection of Plaintiff's electronic devices and to the relevant search terms. Defendant shall conduct an inspection of Plaintiff's electronic devices referenced in Defendant's First Request for Inspection (See ECF No. 29-1) and the inspection shall be in accordance with the search terms proposed by Defendant. (See ECF No. 29-3)

The Court finds that the Plaintiff has agreed to provide a privilege log to Defendant after conducting a review of the data from the inspection to the extent any documents are withheld on the basis of privilege. (ECF No. 36 at 2).

B. Requests for Production

Generally, the Defendant seeks to compel the Plaintiff to clarify his answers to Defendant's Requests for Production to show whether Plaintiff has responsive

documents in his possession, control, or custody. (ECF No. 29 at 3) Plaintiff shall amend his responses to show whether he has responsive documents in his possession, custody, or control. Plaintiff also shall provide responsive documents where Plaintiff has stated in his Response or agreement with counsel that he will provide such documents.

C. Request for Production No. 5

Request for Production No. 5 seeks "[d]ocuments from, created by, or accessible to You via any telephone application . . . ." (ECF No. 29 at 3) The Court finds that Plaintiff has demonstrated in his Response to Defendant's Motion that Plaintiff has no documents responsive to RFP No. 5. Plaintiff shall amend his response to RFP No. 5 to reflect that he has no responsive documents within his possession, custody or control.

D. Requests for Production Nos. 6-8, 11, 13-15, 19-20, 37, 46-47, 65-66

RFP Nos. 6-8, 11, 13-15, 19-20, 37, 46-47, 65-66 request documents relating to putative or potential class members. (ECF No. 29 at 3) Defendant asserts that documents responsive to these requests are in the possession of Plaintiff's counsel, and as a result, the documents are in the possession, custody, or control of Plaintiff himself. (ECF No. 29 at 3)

Defendant relies on Spano v. Satz, No. 09-60255-CIV, 2010 WL 11515691, at *7 (S.D. Fla. May 12, 2010) for the proposition that responsive documents in Plaintiff's counsel's possession are within Plaintiff's legal control for the purposes of

4

document possession. However, the Spano case more accurately holds that documents in the possession of Plaintiff's *former* counsel or *current appellate* counsel are within Plaintiff's legal control. Id. (emphasis added). Defendant claims that responsive documents are within the Plaintiff's current counsel's possession, not within the possession of Plaintiff's former counsel or current appellate counsel.

Further, Plaintiff is in control of documents that are in counsel's possession where the Plaintiff has the legal right to obtain those documents. See Poole ex. rel Elliot v. Textron, Inc., 192 F.R.D. 494, 501 (D. Md. 2000) (citing Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984)). Plaintiff asserts in his Response that any such documents that are in Plaintiff's counsel's possession are the result of counsel's representation of an unrelated client and, thus, are privileged. (ECF No. 31 at 4) The Court finds that Defendant has not shown a sufficient basis for these requests at this time. Defendant's Motion to Compel requests for production relating to putative or potential class members is therefore denied.

E. Interrogatory No. 4

Interrogatory No. 4 seeks the names, addresses, and telephone numbers of other purported class members. (ECF No. 29-5 at 5) The Court finds that Plaintiff has represented in his Response to Defendant's Motion that he does not have any knowledge of other class members at this time. (ECF No. 36 at 4) Plaintiff's counsel has also stated that the other suspected member of the class is not a part of the litigation. (ECF No. 36 at 4) Plaintiff shall amend his response to Interrogatory No. 4 to indicate that no other class members exist at this time.

F. Requests for Production Nos. 53, 54 and 61

RFP No. 53 requests:

Documents relating to you providing any of your telephone numbers to receive telephone calls or text messages for commercial purposes, including all electronic-stored information reflecting your Interest (sic) browsing history from September 1, 2019 through September 30, 2019 on an electronic device with an IP address of 174.235.6.110 as of the referenced time period. (ECF No. 29-4 at 26)

The Court finds that Defendant states in his Reply that a comma should be added directly after the word "information." (ECF No. 42 at 2) Plaintiff shall amend his response to RFP No. 53 in accordance with Defendant's revision.

With respect to RFP Nos. 54 and 61, which relate to production of documents regarding Plaintiff's internet search history and whether Plaintiff consented to receive telephone calls from Defendant, the Court finds that the parties have agreed to the inspection of Plaintiff's electronic devices and to identified search terms. Plaintiff shall supplement his responses to these requests upon completion of the inspection.

G. Requests for Production Nos. 60 and 72

RFP Nos. 60 and 72 request documents demonstrating Plaintiff's consent to receive free goods, and documents regarding communications concerning any TCPA lawsuit, respectively. (ECF No. 29-4 at 28, 34) The Court finds that Plaintiff's

objections to these requests as overly broad are valid. Defendant's Motion to Compel responses to RFP Nos. 60 and 72 is denied.

H. Requests for Production Nos. 26 and 73, and Interrogatory No. 16

RFP Nos. 26 and 73, and Interrogatory No. 16 seek information relating to how Plaintiff became class representative and selected class counsel, including requests to obtain the engagement agreement between Plaintiff and Plaintiff's counsel. In the class representative context, the Court finds that within the Southern District of Florida the engagement agreement is not relevant absent an indication that there is a conflict of interest between the class representative and class counsel.[1] In re: Takata Airbag Products Liability Litig., No. 15-2599, 2016 WL 5844309, at *5 (S.D. Fla. May 23, 2016); In re Checking Account Overdraft Litig., No. 09-MD-02036-JLK, 2010 WL 5136043, at *4 (S.D. Fla. Dec. 16, 2010) (denying motion to compel engagement letters where there was no existing conflict of interest between the class representative and retained counsel). The Court finds that Defendant has not shown a sufficient basis for these requests. Therefore, Defendant's Motion to Compel responses to RFP Nos. 26 and 73 and Interrogatory No. 16 is denied at this time.

---

[1] Defendant cites to Armor Screen Corp v. Storm Catcher, Inc., No. 07-81091-CIV, 2009 WL 2767664 (S.D. Fla. Aug, 31, 2009) for the proposition that engagement agreements are generally not protected by the attorney-client privilege. However, the Armor Screen Corp. case is distinguishable because the documents in that case were inadvertently produced and the Plaintiff in that case failed to satisfy its burden of establishing whether the documents were attorney-client privileged. Id. at *2. Further, in the instant case, the Court does not need to address whether the engagement agreement is privileged because the Defendant has not shown that the engagement agreement is relevant at this time.

### III. CONCLUSION

Having carefully reviewed the Motion, the Response, the Reply, the court file, and applicable law, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Compel is GRANTED IN PART AND DENIED IN PART.

Defendant's Motion is GRANTED to the extent that:

(1) The inspection of Plaintiff's electronic devices shall take place no later than March 1, 2021.

(2) Plaintiff shall, on or before March 22, 2021, provide a privilege log that complies with this Court's Local Rules and the applicable Federal Rules after conducting a review of the results of the data from the inspection of Plaintiff's electronic devices.

(3) Plaintiff shall provide all responsive documents in response to Defendant's Requests for Production where Plaintiff has stated in his Response that he will produce any responsive documents in his possession, custody, or control.

(4) Plaintiff shall amend his responses to show that he has no responsive documents in his possession, custody, or control where appropriate. Specifically, Plaintiff shall also amend his response to RFP No. 5 to state that he has no responsive documents.

(5) Plaintiff shall amend his response to Interrogatory No. 4 to demonstrate that no other class members exist at this time.

(6). Plaintiff shall, on or before March 22, 2021, supplement his responses to RFP Nos. 54 and 61 upon completion of the inspection of Plaintiff's electronic devices.

(7) Plaintiff shall, on or before March 22, 2021, amend his response to RFP No. 53 in accordance with Defendant's revision.

(8) Plaintiff shall make his best efforts to comply with this Order as expeditiously as possible, but no later than March 22, 2021.

Defendant's Motion is DENIED to the extent that:

(1) Defendant's Motion to Compel responses to RFP Nos. 6-8, 11, 13-15, 19-20, 37, 46-47, and 65-66 is denied.

(2). Defendant's Motion to Compel responses to RFP Nos. 60 and 72 is **denied.**

(3) Defendant's Motion to Compel responses to RFP Nos. 26 and 73 and Interrogatory No. 16 is denied.

(4) The Motion is denied with respect to Defendant's request for attorney's fees.

DONE AND ORDERED at Fort Lauderdale, Broward County, Florida, this 12th day of February, 2021.

*[signature]*
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record