**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 0:20-cv-60638-WPD/Snow

MADHUKAR BONKURI, individually and on
behalf of all others similarly situated,

    Plaintiffs,

v.

GRAND CARIBBEAN CRUISES, INC.,

    Defendant.
_____/

**JOINT MOTION FOR ENLARGEMENT OF TIME TO COMPLY**
**WITH THE COURT ORDER ENTERED ON FEBRUARY 12, 2021**

Defendant Grand Caribbean Cruises, Inc. and Plaintiff Madhukar Bonkuri (collectively the "Parties"), by their respective undersigned counsel, submit this Joint Motion for Enlargement of Time to Comply with the Court Order Entered on February 12, 2021, and as good cause thereof state the following:

1. Federal Rule of Civil Procedure 6(b)(1)(A) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires . . . ."

2. On February 12, 2021, the Court entered an Order granting in part Defendant Grand Caribbean Cruises, Inc.'s Motion to Compel Discovery. *See* ECF 45. In the Order, the Court established the following deadlines relevant to this Joint Motion:

    a. The inspection of Plaintiff's electronic devices shall take place no later than March 1, 2021.

      b.     Plaintiff shall, on or before March 22, 2021, provide a privilege log that complies with this Court's Local Rules and the applicable Federal Rules after conducting a review of the results of the data from the inspection of Plaintiff's electronic devices.

      c.     Plaintiff shall, on or before March 22, 2021, supplement his responses to RFP Nos. 54 and 61 upon completion of the inspection of Plaintiff's electronic devices.

3. Due to unforeseen difficulties in finding a vendor to conduct the inspection and in making arrangements between the Parties, the Parties require an additional seven (7) days to conduct the inspection of Plaintiff's electronic devices.

4. The additional time required to conduct the inspection of Plaintiff's electronic devices, in turn, means Plaintiff requires additional time than has been directed to provide a privilege log and supplement his responses to RFP Nos. 54 and 61 upon completion of the inspection of Plaintiff's electronic devices and review of the search results of the inspection.

5. Plaintiff's counsel also requires extra time because of the Passover holiday. In total, Plaintiff's deadline to provide a privilege log and supplement his responses to RFP Nos. 54 and 61 would be extended by seventeen (17) days.

6. The requested brief extension would amend the Court's Order as follows:

      a.     The inspection of Plaintiff's electronic devices shall take place no later than ~~March 1, 2021~~ **March 8, 2021**.

      b.     Plaintiff shall, on or before ~~March 22, 2021~~ **April 8, 2021**, provide a privilege log that complies with this Court's Local Rules and the

applicable Federal Rules after conducting a review of the results of the data from the inspection of Plaintiff's electronic devices.

      c.    Plaintiff shall, on or before ~~March 22, 2021~~ **April 8, 2021**, supplement his responses to RFP Nos. 54 and 61 upon completion of the inspection of Plaintiff's electronic devices.

7.    The Parties submit that good cause exists for this request, and the requested extension of time will not cause any prejudice to the parties or the Court.

8.    This extension is not sought for dilatory reasons or for any other improper purpose, and this is the first request for an extension of time to comply with the Order.

## CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court enter an order enlarging their time to conduct the inspection of Plaintiff's electronic devices by seven (7) days to March 8, 2021, and for Plaintiff to provide a privilege log and supplement his responses to RFP Nos. 54 and 61 upon completion of the inspection of Plaintiff's electronic devices by seventeen (17) days to April 8, 2021, and granting any further relief the Court deems appropriate.

## CERTIFICATE OF CONFERRAL PURSUANT TO LOCAL RULE 7.1(a)(3)(A)

The undersigned counsel for the Parties have conferred and agreed to submit this Motion jointly.

Dated: February 26, 2021

| **GREENSPOON MARDER LLP** | **BURSOR & FISHER, P.A.** |
|---|---|
| */s/ Roy Taub* | */s/ Yitzchak Kopel* |
| JEFFREY A. BACKMAN, ESQ. | Yitzchak Kopel |
| (Fla. Bar No. 0662501) | Alec M. Leslie |
| jeffrey.backman@gmlaw.com | Bursor & Fisher, P.A. |
| RICHARD W. EPSTEIN, ESQ. | 888 Seventh Avenue |
| (Fla. Bar No. 229091) | New York, NY 10019 |
| richard.epstein@gmlaw.com | (646)837-7126 |

ROY TAUB, ESQ.
(Fla. Bar No. 116263)
roy.taub@gmlaw.com
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
954-491-1120 (Telephone)
954-343-6958 (Facsimile)

*Attorneys for Defendant*
*Grand Caribbean Cruises, Inc.*

ykopel@bursor.com
aleslie@bursor.com

Scott A. Bursor
Bursor & Fisher, P.A.
701 Brickell Avenue, Suite 1420
Miami, FL  33131-2800
(305)330-5512
scott@bursor.com

*Attorneys for Plaintiff*