# EXHIBIT B

# Roy Taub

| | |
|---|---|
| **From:** | Roy Taub |
| **Sent:** | Monday, April 26, 2021 8:28 PM |
| **To:** | Yitz Kopel; Alec Leslie |
| **Cc:** | Jeffrey Backman |
| **Subject:** | Bonkuri -- Follow up to 4-22-21 Meet and Confer |

Yitz,

I am writing to follow up on the meet and confer Thursday and also based upon the indication from Judge Snow's Chambers that the Court did not believe it had sufficient information as to Defendant's position and what Defendant intends to do by way of communication with the putative class members. From our discussion on Thursday, you seemed generally fine with what we propose, and you personally do not have any basis in any of your dealings with our firm to believe that unethical conduct will take place, so the real dispute appears to be based on Plaintiff's unsupported insistence on being party to every single conversation with a putative class member.

As we discussed on Thursday, our intention is to call the people for whom we received information from a third party were leads generated from shareyourfreebies.com and were transferred to a Grand Caribbean Cruises call center. The purpose of the calls will be to investigate and develop facts in support of GCC's defenses, in particular the issue of consent (e.g., what they recall about visiting the shareyourfreebies.com website). We discussed how we have more than a good faith belief that there was consent for the telephone calls at issue made through that website, including not only Mr. Bonkuri's opt-in record and Jornaya report, but Jornaya LeadiDs for 7,000+ other individuals. Moreover, as the calls will be to investigate the facts, we will not be offering anything in exchange for testimony and will not attempt to settle any claims.

We offered additional clarification beyond what we had previously discussed (that we would be making phone calls to investigate the facts in support of Grand Caribbean's defenses, in particular consent). First, the calls would be made only by attorneys at Greenspoon Marder. Second, the identity of the caller, that they are an attorney representing Grand Caribbean Cruises, that they are calling about this case, and that the person does not have to speak with us if they do not want to would also be disclosed. You stated that these clarifications were "making great progress." You did not take issue with any of these disclosures or failing to disclose anything else, so there was no indication that Plaintiff's concern is about what we want to discuss with putative class members. Rather, you stated that Plaintiff insists that any communications to putative class members must occur with Plaintiff's counsel also on the line.

When we turned to a discussion of the case law, as directed by Judge Snow's order, you could not provide a single case that stands for the proposition that what we propose – as long as the communications are not misleading – is not permissible or that it can be done only if opposing counsel is conferenced in. All you did was generally point us to the authorities cited in your brief. When we addressed the Gulf Oil standard and asked for what evidence you have of any improper conduct, you apologized profusely if we took your statements in the motion for a protective order about counsel for GCC as "mudslinging," and you reiterated that you have no personal knowledge of or reason to believe there has been any unethical conduct by counsel for GCC in this case or any of the other cases we have had together. You further confirmed that the only basis for your opposition is what is stated in the McCurley order. We also confirmed that we have not had any communications with any putative class members and you confirmed that Plaintiff's counsel has not reached out to any, either (at least about this case). In an effort to possibly avoid the need to speak with any of the putative class members, we asked if you would refrain from making the argument that there is no proof of consent for individuals other than the named plaintiff. You would not agree to that, hence the Defendant's need to gather the additional information sought in its desire to conduct the factual investigation into the putative class.

We have consulted with the client and we are not agreeable to a "pilot" project of making calls together.  So please let us know if Plaintiff agrees to what we propose.  If not, please refile your motion for protective order as soon as possible – revised appropriately, including the "mudslinging" – so that we can get this issue resolved and move forward.  We request that you include this e-mail in full or as an exhibit to your certificate of conferral, especially given Chambers' comments.  In this connection, I note that the Local Rules provide that a certificates of good faith conference does not apply to any page length limitations.  *See* Local Rule 7.1(c)(2).



Roy Taub
Greenspoon Marder LLP
Senior Counsel
200 East Broward Boulevard, Suite 1800
Fort Lauderdale, FL  33301
Direct Phone Number: (954) 527-6231
Office Phone Number: (954) 491-1120
roy.taub@gmlaw.com
www.gmlaw.com

